UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CARIDAD RIVERA,

                Plaintiff,

      -  against –

PETER PAN BUS LINES, INC., and GEORGE L.
SCHNEIDER,

                Defendants.
------------------------------------------------------------------X

1:18-cv-03763 (RA) (RWL)

**DECLARATION OF
CHRISTOPHER
DOWNES IN
SUPPORT OF MOTION
TO DISMISS PURSUANT
TO RULE 12(C)**

      CHRISTOPHER DOWNES, declares as follows under penalty of perjury

pursuant to 28 U.S.C. § 1746:

      1.  I am a partner in O'DWYER & BERNSTIEN, attorneys for the defendants, and

submit this declaration in support of defendant GEORGE L. SCHNEIDER'S

("SCHNEIDER") motion to dismiss. Unless otherwise indicated, this declaration is based

upon my personal knowledge of the court filings and my review of the case file

maintained by my office.

      2.  This lawsuit seeking damages for personal injury was commenced by plaintiff

CARIDAD RIVERA in the New York State Supreme Court, Bronx County, by the filing of

a Summons and Complaint dated August 6, 2018 a copy of which is annexed hereto as

Exhibit A.

      3.  I filed a Notice of Removal on behalf of SCHNEIDER on the basis of diversity in

the United States District Court for the Southern District of New York dated April 27,

2018, a copy of which is annexed hereto as Exhibit B.

4. I filed an answer to the complaint on behalf of SCHNEIDER in the United States District Court for the Southern District of New York dated May 8, 2018, a copy of which is annexed hereto as Exhibit C. The answer contained an affirmative defense that this Court lacked jurisdiction over the person of Defendant Schneider.

5. I received an e-filed affidavit of compliance regarding service of process on SCHNEIDER from the New York State Supreme Court, Bronx County on May 22, 2018, a copy of which is annexed hereto as Exhibit D.

6. From these documents, the following relevant facts are not in dispute:

    a. The residence address for SCHNEIDER is stated on the summons to be "8738 Little Patuxent Court, Odenton, MD, 21113."

    b. The tort claim in the complaint, ¶ 17, is that a motor vehicle collision occurred on September 15, 2017 on "I-295, at or near its intersection with S/B S/O Delaware Memorial bridge toll plaza (on the right shoulder), a public street and thoroughfare, in the County of New Castle, State of Delaware."

    c. Nowhere in the complaint is there any allegation or statement with respect to the residence address or domicile of SCHNEIDER, nor any allegation or statement with respect to any contacts SCHNEIDER may have with the State of New York.

    d. The affidavit of compliance of service with respect to SCHNEIDER states in relevant part that on April 19, 2017 SCHNEIDER was served with process through the New York Secretary of State under Section 253 of the New York State Vehicle and Traffic Law and by mailing of the summons and complaint to "8738 Luttle (sic) Patuxent Court, Odenton, MD, 21113."

e.  SCHNEIDER's answer contains a sixth affirmative defense of lack of personal jurisdiction (¶ 28).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13 day of August, 2018.

_____
CHRISTOPHER DOWNES

EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **BRONX**

--------------------------------------------------------------------x

CARIDAD RIVERA,

Plaintiff,

against

PETER PAN BUS LINES, INC. and GEORGE
L. SCHNEIDER,

Defendants.

--------------------------------------------------------------------x

Index No.

## 𝔖𝔲𝔪𝔪𝔬𝔫𝔰

*Plaintiff resides*
BRONX County

*The basis of venue designated is:*
Plaintiff(s) residence.

Plaintiff designates
BRONX County as place of trial.

**To the above named Defendant(s)**

    **𝔜𝔬𝔲 𝔞𝔯𝔢 𝔥𝔢𝔯𝔢𝔟𝔶 𝔰𝔲𝔪𝔪𝔬𝔫𝔢𝔡** to answer the complaint in this action, and to serve a copy of your answer, of if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
      April 6, 2018

Harmon, Linder & Rogowsky, Esqs.
*Attorneys for Plaintiff(s)*
3 Park Avenue, Suite 2300
New York, NY 10016

Peter Pan Bus Lines, Inc.
1776 Main Street
Springfield, MA 01103

George L. Schneider
8738 Little Patuxent Court
Odenton, MD 21113

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **BRONX**
-------------------------------------------------x
CARIDAD RIVERA,

                                                **VERIFIED COMPLAINT**

                Plaintiff,

      -against-

PETER PAN BUS LINES, INC. and GEORGE L. SCHNEIDER,

               Defendants.
-------------------------------------------------x
Plaintiff, complaining of the defendants herein by her attorneys,

HARMON, LINDER & ROGOWSKY, ESQS., respectfully sets forth and

alleges, as follows:

### AS AND FOR A CAUSE OF ACTION

### ON BEHALF OF CARIDAD RIVERA

1. That at the times of the commencement of this action plaintiff

was a resident of the County of **BRONX**, State of New York.

2. That at all times herein , **PARK TRANSPORTATION, INC.**, was a

corporation authorized to do business in the State of Illinois.

3. That at all times herein mentioned, **PARK TRANSPORTATION, INC.**,

was the owner of a vehicle bearing registration number **P842819**,

**State of Illinois.**

4. That at all times herein mentioned , **THADDUS L. HAMMOND**, was the operator of a vehicle  bearing registration number **P842819**, **State of Illinois**.

5. That at all times herein mentioned , **THADDUS L. HAMMOND**, was in physical charge, operation, management and control of the aforesaid vehicle owned by the , **PARK TRANSPORTATION, INC.**, with the knowledge, consent, and permission, either express or implied of the owner thereof.

6. That at all times herein mentioned defendant, **PETER PAN BUS LINES, INC.** was a corporation duly organized and existing under and by virtue of the State of Massachusetts.

7. That at all times herein mentioned defendant, **PETER PAN BUS LINES, INC.** was a corporation duly organized and existing under and by virtue of the State of New York.

8. That at all times herein mentioned defendant, **PETER PAN BUS LINES, INC.** was and still is a business entity licensed to transact business in the New York.

9. That at all times herein mentioned defendant, **PETER PAN BUS LINES, INC.** was and still is a business entity transacting business in the New York.

10. That at all times herein mentioned defendant, **PETER PAN BUS LINES, INC.** owns , uses, or possesses  real property in the State of New York.

11. That at all times herein mentioned defendant, **PETER PAN BUS LINES, INC.** owns , uses, or possesses  property in the State of New York.

12. That at all times herein mentioned defendant, **PETER PAN BUS LINES, INC.** maintains offices in the State of New York.

13. That at all times herein mentioned defendant, **PETER PAN BUS LINES, INC.** was the owner of an automobile bearing registration number **91236, State of Massachusetts.**

14. That at all times herein mentioned defendant, **GEORGE L. SCHNEIDER**, was the operator of an automobile bearing registration number **91236, State of Massachusetts.**

15. That at all times herein mentioned defendant, **GEORGE L. SCHNEIDER**, was in physical charge, operation, management and control of the aforesaid vehicle owned by the defendant, **PETER PAN BUS LINES, INC.**, with the knowledge, consent, and permission, either express or implied of the defendant owner thereof.

16. That at all times herein mentioned plaintiff, **CARIDAD RIVERA**, was a passenger of the aforesaid motor vehicle bearing registration

number **91236, State of Massachusetts.**

17. That on the **Fifteenth day of September, 2017,** at approximately **5:36 p.m.**, the aforesaid vehicles came into contact with each other on **I-295**, at or near its intersection with **S/B S/O Delaware Memorial Bridge Toll Plaza (on the right shoulder)**, a public street and thoroughfare, in the County of **New Castle**, State of Delaware.

INDEX NO. 24054/2018E
RECEIVED NYSCEF: 04/06/2018

18. The defendants so carelessly and negligently operated their aforesaid respective vehicles so as to cause the aforesaid contact.

19. That as a result of the foregoing, this plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief, will be compelled to do so in the future.

20. That the aforesaid occurrence and the injuries sustained by this plaintiff were caused by the negligence of the defendants.

21. That this plaintiff has sustained a serious injury as the same is defined in Subdivision "d" of Section 5102 of the Insurance Law of the State of New York 22. This action falls within one or more of the exceptions set forth in CPLR section 1602.

23. That by reason of the foregoing, plaintiff, **CARIDAD RIVERA**, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE,** plaintiff, **CARIDAD RIVERA,** demands judgement

against the defendants in the **Cause of Action** in an amount which

exceeds the jurisdictional limits of all lower courts that would

otherwise have jurisdiction; all together with the costs and

disbursements of this action.

Dated: New York, NY
April 6, 2018



HARMON, LINDER & ROGOWSKY, ESQS.
Attorney(s) for Plaintiff(s)
3 Park Avenue, Suite 2300
New York, New York 10016
(212) 732-3665
MJL/mj

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK)

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for plaintiff.

I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following: Interviews and/or discussions with the plaintiff(s) and papers and/or documents in the file.

The reasons I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated:    New York, New York
          April 6, 2018

                                        _____
                                        Mark J. Linder Esq.

Index No.                                                    Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **BRONX**

------------------------------------------------------------------------

CARIDAD RIVERA,

Plaintiff,

-against-

PETER PAN BUS LINES, INC. and GEORGE L. SCHNEIDER,

Defendants.

------------------------------------------------------------------------

### SUMMONS AND VERIFIED COMPLAINT

------------------------------------------------------------------------

### HARMON, LINDER & ROGOSWKY, ESQS.
Attorney for Plaintiff(s)
**3 Park Avenue, Suite 2300**
**New York, NY 10016**
**(212) 732-3665 Phone**
**(212) 732-1462 Facsimile**

------------------------------------------------------------------------

To:
Attorney(s) for Defendant

------------------------------------------------------------------------

Service of a copy of the within Summons and Complaint is hereby admitted.
**Dated:**

Attorney(s) for

------------------------------------------------------------------------

PLEASE TAKE NOTICE
☐ Notice of Entry   that the within is a (certified) true copy of a
                    entered in the office of the clerk of the within named Court on
☐ Notice of Settlement
                    that an order of which the within is a true copy will be presented for settlement to the
                    Hon._____, one of the judges of the within named Court, at _____,
                    on _____.

Dated:

Yours, etc.
Harmon, Linder & Rogowsky
*Attorneys for Plaintiff*
3 Park Avenue, Suite 2300
New York, NY 10016
(212) 732-3665

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

CARIDAD RIVERA,

                              Plaintiff,                          **NOTICE OF REMOVAL**

        -against-

PETER PAN BUS LINES, INC., and GEORGE L.
SCHNEIDER,

                              Defendants.

-------------------------------------------------------------------------X

TO:   THE HONORABLE JUDGES
      OF THE UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK

        Defendants Peter Pan Bus Lines, Inc., And George L. Schneider, by their attorneys,

O'Dwyer & Bernstien, LLP, respectfully allege as follows:

        -1.   - By this Notice of Removal, defendants remove this action from the Supreme

Court of the State of New York, Bronx County, to the United States District Court for the

Southern District of New York, pursuant to 28 U.S.C. §1441(a) and (b) and §1446(a) and (b).

        2.   An action was commenced by Caridad Rivera (denominated plaintiff in the state

court action) by the filing of a Summons and Complaint April 6, 2018.  (A copy of the Summons

and Complaint bearing Index No. 24054/2018E is annexed hereto as Exhibit "**A**").  Service of

process was made upon defendant Peter Pan Bus Lines, Inc., on April 12, 2018.

        3.   The underlying State Court action arises from a motor vehicle accident alleged to

have occurred on September 15, 2017 in the County of New Castle, State of Delaware. Plaintiff

seeks damages for alleged bodily injuries sustained as a result of the accident.

4.     The Court has jurisdiction of this proceeding pursuant to section 28 U.S.C. § 1332, in that there exists a diversity of citizenship in this case.  Plaintiff Caridad Rivera is a resident of the State of New York; defendant George L. Schneider is a resident of the State of Maryland, defendant Peter Pan Bus Lines, Inc. is a resident of the Commonwealth of Massachusetts where it was incorporated and maintains its principal place of business in the Commonwealth of Massachusetts.

WHEREFORE, defendants Peter Pan Bus Lines, Inc., And George L. Schneider seek removal of the above-entitled action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court of the Southern District of New York.

Dated:  New York, New York
      April _27_, 2018

                            Yours, etc.,

                            O'DWYER & BERNSTIEN, LLP

            By:   CHRISTOPHER DOWNES (CD-8631)
                 Attorneys for Defendants
                 Peter Pan Bus Lines, Inc., And
                 George L. Schneider
                 52 Duane Street, 5th Floor
                 New York, New York 10007
                 (212) 571-7100

TO:   HARMON, LINDER & ROGOSWKY, ESQS.
       Attorney for Plaintiff
       3 Park Avenue, Suite 2300
       New York, NY 100016
       (212) 732-3665

EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CARIDAD RIVERA,

18 CV 03763 (RA) (RWL)

Plaintiff,

**VERIFIED ANSWER**

-against-

PETER PAN BUS LINES, INC., and GEORGE L.
SCHNEIDER,

Defendants.

------------------------------------------------------------------------X

**C O U N S E L:**

Defendants **PETER PAN BUS LINES, INC., and GEORGE L. SCHNEIDER,** by

their attorneys O'DWYER & BERNSTIEN, LLP, answer the Complaint as follows:

1.      Defendants deny knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph "1" of the Complaint.

2.      Defendants deny knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph "2" of the Complaint.

3.      Defendants deny knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph "3" of the Complaint.

4.      Defendants deny knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph "4" of the Complaint.

5.      Defendants deny knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph "5" of the Complaint.

6.      Defendants admit the truth of the allegations contained in paragraph "6" of
the Complaint.

7.      Defendants deny the truth of the allegations contained in paragraph "7" of
the Complaint.

8. Defendants admit the truth of the allegations contained in paragraph "8" of the Complaint.

9. Defendants admit the truth of the allegations contained in paragraph "9" of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Defendants admit the truth of the allegations contained in paragraph "12" of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Defendants deny the truth of the allegations contained in paragraph "15" of the Complaint, except admit that defendant GEORGE L. SCHNEIDER operated said motor vehicle with the consent of its owner.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Defendants deny the truth of the allegations contained in paragraph "18" of the Complaint, and refer all issues of law to this Honorable Court.

19. Defendants deny the truth of the allegations contained in paragraph "19" of the Complaint, and refer all questions and issues of law to this Honorable Court.

20. Defendants deny the truth of the allegations contained in paragraph "20" of the Complaint, and refer all issues and questions of law to this Honorable Court.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint, and refer all issues and questions of law to this Honorable Court.

22. Defendants deny the truth of the allegations contained in paragraph "23" of the Complaint, and refer all issues and questions of law to this Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

23. Plaintiff has not sustained a "serious injury" or loss in excess of "basic economic loss" as defined in Article 51, Comprehensive Automobile Insurance Reparations Act of the Insurance Law of the State of New York and or under the applicable state law and is therefore barred from bringing this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

24. Plaintiff has been or will be compensated fully by collateral sources and/or no-fault benefits for economic damages sustained in the alleged incident complained of and are therefore barred from bringing the within action for economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

25. Any damages sustained by plaintiff were caused by the culpable conduct, contributory negligence, and/or assumption of risk of the plaintiff and not by any

culpable conduct, negligence, or want of care of these answering defendants. Plaintiff's claims are therefore barred or diminished in the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the plaintiff's injuries.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

26.     If it is determined that plaintiff was not wearing a seat belt at the time of the occurrence complained of, then this fact should bar or diminish any recovery by plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

27.     This action should be dismissed in that the Court cannot afford complete relief in the absence the joinder of third parties over whom, upon information and belief, the court would lack jurisdiction, Rule 19 F.R.C.P.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

28.     This Court lacks personal jurisdiction over the person of defendants PETER PAN BUS LINES, INC., and GEORGE L. SCHNEIDER.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

29.     In the interest of justice, this action should be transferred to the district (U.S.D.C. – District of Delaware) in which there is jurisdiction over all necessary parties and where the event giving rise to the claim occurred – 28 U.S.C §1404; 28 U.S.C. §1391.

**WHEREFORE**, the defendants demand judgment dismissing plaintiff's complaint together with costs and disbursements of defending this action and alternatively, further demands, that in the event any verdict and/or judgment is recovered by the plaintiff herein, that any such verdict and/or judgment be apportioned according to respective degrees of negligence.

Dated: New York, New York
       May 2, 2018

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By:  CHRISTOPHER DOWNES (CD-8631)
     Attorneys for Defendants
     Peter Pan Bus Lines, Inc., And
     George L. Schneider
     52 Duane Street, 5th Floor
     New York, New York 10007
     (212) 571-7100

TO:  HARMON, LINDER & ROGOSWKY, ESQS.
     3 Park Avenue, Suite 2300
     New York, New York 10016
     (212) 732-3665

EXHIBIT "D"

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

Attorney: HARMON, LINDER &
ROGOWSKY, ESQS. - 5

CARIDAD RIVERA

Plaintiff(s)

Index #: 24054/2018E

Purchased: April 6, 2018

Date Filed:

- against -

PETER PAN BUS LINES, INC. AND GEORGE L SCHNEIDER

Defendant(s)

**AFFIDAVIT OF COMPLIANCE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

SIEH CLARK BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 19, 2018 at 01:33 PM at

THE OFFICE OF THE SECRETARY OF STATE
123 WILLIAM STREET
NEW YORK, NY 10038
deponent served the within true copy of the SUMMONS & VERIFIED COMPLAINT & NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING on GEORGE L SCHNEIDER therein named,

**SECRETARY OF STATE**

By service upon the N.Y.S. Secretary of State under Section 253 of the Vehicle and Traffic Law by delivering a true copy to LORRIETTE POWELL, AUTHORIZED to accept thereof, and tendering the required fee of $10.00.

**MAILING**

Deponent enclosed a true copy of same in a postpaid wrapper properly addressed to defendant at defendant's last known residence at

8738 LUTTLE PATUXENT COURT
ODENTON, MD 21113

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on April 19, 2018 by CERTIFIED MAIL-RETURN RECEIPT REQUESTED
RECEIPT #7017 3380 0000 0298 9467 in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside envelope thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the party to be served.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | BLACK | BLACK | 51 | 5'7 | 200 |

Certified mail return envelope was received by deponent on May 21 2018, returned by the U.S. Post Office, marked "return to sender-unclaimed". On May 21 2018, a true copy of said Summons and Verified Complaint and Notice was mailed to defendant at said address by first class mail with certificate of mailing

The Summons Served had endorsed thereon the Index number and date of filing.

Sworn to me on: May 21, 2018

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2018

Robin Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2021

Gotham Process Inc.
299 Broadway
New York NY 10007

SIEH CLARK
License #: 2066971
Docket #:        *1069127*

CLAR
299 Broadway
Suite 1401
New York, NY 10007



UNITED STATES POSTAGE

C2 1P          $ 0
0000861418
MAILED FROM ZIP



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7017 3380 0000 0298 9467

GEORGE L SCHNEIDER
8738 LUTTLE PATUXENT COURT
ODENTON NIXIE     212   DE 1           0005/17/1

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

PERSONAL AND CONFIDENTIAL   211382757 R135

UNC   BC: 10007193551   *1545-82981-19-

---

**UNITED STATES**
**POSTAL SERVICE**

Certificate Of Mailing

This Certificate of Mailing provides evidence that mail has been presented to USPS for mailing.
This form may be used for domestic and international mail.

From:
GOTHAM PROCESS, INC.
299 BROADWAY SUITE 1401
NEW YORK, NY 10007

$ 001.40⁰

To: George L Schneider
8738 Luttle Patuxent Court
Odenton MD 21113

Postmark Here

PS Form **3817**, April 2007 PSN 7530-02-000-9065