```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARIDAD RIVERA,                                                        1:18-cv-03763 (RA) (RWL)

                        Plaintiff,

        - against –

PETER PAN BUS LINES, INC., and GEORGE L.
SCHNEIDER,

                        Defendants.
-----------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION DISMISS BY DEFENDANT GEORGE L. SCHNEIDER**

Defendant GEORGE L. SCHNEIDER ("SCHNEIDER") submits this memorandum of law in support of his Motion to Dismiss the Verified Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the basis of which is the court's lack of personal jurisdiction over this moving defendant.

## STATEMENT OF FACTS

Plaintiff sued SCHNEIDER in New York State Supreme Court for personal injuries arising out of a motor vehicle accident that happened in Delaware. SCHNEIDER was a bus driver for defendant PETER PAN BUS LINES, INC. and was driving a bus whose right front mirror came into contact with the left front mirror of a vehicle driven by Thaddus Hammond who is not a party to this lawsuit. Plaintiff CARIDAD RIVERA was a passenger on the bus driven by SCHNEIDER.

The matter was removed to the United States District Court for the Southern District of New York on the basis of diversity and SCHNEIDER answered the complaint, denying liability. SCHNEIDER asserted the defense of lack of personal jurisdiction in his answer.

The summons states the residence and domicile of SCHNEIDER to be Maryland. The complaint is silent with respect to SCHNEIDER's residence, domicile or contacts with New York. The affidavit of service pertaining to SCHNEIDER states that he was served through the New York Secretary of State pursuant to New York Vehicle and Traffic Law ("VTL") § 253 and that a copy of the summons and complaint was mailed to an address in Maryland.

## LEGAL STANDARD ON A RULE 12(C) MOTION TO DISMISS

Because SCHNEIDER has answered and has interposed the defense of lack of personal jurisdiction, SCHNEIDER is now moving to dismiss pursuant to Rule 12(c). The basis of this motion to dismiss under Rule 12(c) is substantively the same as a motion to dismiss under Rule 12(b)(2), namely a lack of personal jurisdiction over SCHNEIDER in New York. The law is well settled that a plaintiff opposing a motion to dismiss for lack of personal jurisdiction has the burden of establishing that the Court has jurisdiction over the defendant. Bank Brussels Lambert v. Fiddler Gonzales and Rodriguez, 171 F. 3d 779, 784 (2d Cir. 1999). In order to survive a motion to dismiss before discovery has been conducted, a plaintiff must make a prima facie showing of jurisdiction. A Court may look beyond the pleadings but must consider the evidence in the light most favorable to plaintiff and resolve all doubts in her favor. U.S. Titan, Inc. v. Guangzhou Zhen Zhua Shipping Co, Ltd, 16 F. Supp. 2d 326, 332-33 (SDNY 1998), opinion withdrawn in part, modified in part on other grounds, 182 F.R.D. 97 (SDNY 1998).

## ARGUMENT

## THE COURT LACKS PERSONAL JURISDICTION OVER SCHNEIDER

In diversity cases, personal jurisdiction is determined in accordance with the law of the forum in which the federal court sits. Minnie Rose LLC v. Yu, 169 F. Supp 3d 504 (SDNY 2016), citing Whitaker v. AM. Telecasting, Inc., 261 F. 3D 196, 208 (2nd Cir. 2001). In New York, the court must determine whether personal jurisdiction is appropriate pursuant to the state's general jurisdiction statute, Civil Court Practice Law and Rules ("CPLR") § 301, or its specific, long-arm jurisdiction statute, CPLR § 302(a). Id.

## A. THERE EXISTS NO GENERAL JURISDICTION OVER SCHNEIDER UNDER CPLR § 301

For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 131 S. CT. 2846, 180 L. ED. 796(2011). Here, the complaint does not allege that SCHNEIDER is domiciled in New York, or contain any allegation as to personal jurisdiction. It is undisputed that he is not domiciled in New York. Because plaintiff has failed to make any prima facie showing of personal jurisdiction, SCHNEIDER is not subject to the Court's general jurisdiction. There is no basis for the Court to exercise general jurisdiction over him. Bank Brussels Lambert v. Fiddler Gonzalez and Rodriguez, supra.

## B. THERE EXISTS NO SPECIFIC JURISDICTION OVER SCHNEIDER UNDER CPLR § 302(A) OR VTL § 253

Pursuant to the relevant subsection of the New York long-arm statute contained in CPLR § 302(a)(3) relating to jurisdiction over non-domiciliaries, personal jurisdiction may be exercised when, inter alia, the defendant commits a tortious act without the state causing injury to a person within the state. However, the situs of the injury is the location of the original event which caused the injury, not the location where the

3

resultant damages are subsequently felt by the plaintiff. Vaichunas v. Tonyes, 61 AD 3D 850 (AD 2 Dept. 2009). New York does not become the situs of an injury merely because the plaintiff is a domiciliary or resident of New York. McGowan v. Smith, 52 NY 2d 268 (1981).

The pleadings allege that the original event causing personal injury to a New York resident took place in Delaware due to the actions of a non-New York domiciliary. New York's long-arm statute simply does not apply to these facts. SCHNEIDER is therefore not subject to the Court's specific long-arm statutory jurisdiction.

To the extent plaintiff is relying on VTL § 253 to provide an alternative basis for specific personal jurisdiction, it does not apply to motor vehicle accidents that happened outside the State of New York. By its very language, New York VTL § 253's statutory appointment of the New York Secretary of State as agent for service for a non-New York resident only arises out of the "use or operation by a non-resident of a vehicle in this state." This motor vehicle accident took place in Delaware. Because the accident did not occur in New York, VTL § 253 does not provide this court with a basis to exercise specific personal jurisdiction over SCHNEIDER either.

## CONCLUSION

For all the foregoing reasons, SCHNEIDER's motion to dismiss the complaint should be granted in its entirety.

Respectfully Submitted,

_____
CHRISTOPHER DOWNES (CD8631)

4